**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DERICK M. GRAYSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No.  10-CV-795-TCK-PJC |
| ) | |
| **DYNATEN CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Transfer Venue and Motion to Dismiss (Docs. 10 & 11.)  Plaintiff has filed suit against Defendant DynaTen ("DynaTen"), alleging a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. ("Title VII").  Specifically, Plaintiff's pro se Complaint alleges that he "was called a dumb as [sic] nigger on one occasion and was forced to do menial jobs and work under less experienced workers who were hispanic." (Compl. 2.)  Plaintiff further alleges that he was discriminated "because of [his] race," became a target of harassment, and was eventually terminated after he complained of such treatment.  (*Id.*) DynaTen now moves to transfer this action to the Forth Worth Division of the Northern District of Texas pursuant to Title VII's venue provision.  Dyna Ten also moves to dismiss this matter for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] DynaTen's motion does not seek transfer or dismissal as alternative forms of relief, but instead seeks transfer *and* dismissal.  However, the Court cannot transfer an action that has already been dismissed, or dismiss an action that has already been transferred.  The Court will therefore treat the motion as one seeking alternative forms of relief.

The venue provision of Title VII provides as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. 2000e-5(f)(3). "It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). Further, when venue is improper, the decision whether to dismiss or transfer a Title VII claim is discretionary. 28 U.S.C. § 1406(a); *Pierce*, 137 F.3d at 1191 (stating "the decision whether to dismiss or transfer lies within the sound discretion of the district court").

Although DynaTen requests transfer, as opposed to dismissal, based on improper venue, the Tenth Circuit has noted that a court may sua sponte dismiss an action for improper venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Kenney v. Millennium Rail, Inc.*, No. 06-5169, 2007 WL 915086, at *2 (10th Cir. March 28, 2007) (affirming sua sponte dismissal of Title VII complaint because of improper venue pursuant to Title VII venue provision) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)). In this case, Texas appears to be the only proper venue because the alleged harassment and discriminatory actions took place in Texas, DynaTen is located in Texas, and DynaTen's business records are located in Texas. (*See* Dec. of Dewayne White, Ex. 1 to DynaTen's Mot. to Transfer and Mot to Dismiss, at ¶¶ 3, 8 (noting DynaTen is located in Texas, all business records are kept in

Texas, the work Plaintiff performed for DynaTen was exclusively in Texas, and Plaintiff never performed any work for DynaTen in Oklahoma.) Further, there is nothing in the record or Plaintiff's Complaint indicating that Plaintiff would have worked in Oklahoma but for the alleged unlawful employment practice.

Because venue is improper in Oklahoma, the Court exercises its discretion to dismiss this matter without prejudice to refiling in the correct venue. Therefore, the Court denies DynaTen's Motion to Transfer (Doc. 11) and grants DynaTen's Motion to Dismiss (Doc. 10), although on different grounds than requested therein. A Judgment of dismissal will be issued forthwith.

**SO ORDERED this 21st day of September, 2011**.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**