**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DERICK M. GRAYSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No.  10-CV-795-TCK-PJC |
| ) | |
| **DYNATEN CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Reconsider (Doc. 47), wherein Plaintiff, who is appearing pro se, requests that the Court reconsider its September 21, 2011 Opinion and Order ("September 21, 2011 Order").

**I.     Background**

Plaintiff filed suit against Defendant DynaTen ("DynaTen"), alleging a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. ("Title VII").  Specifically, Plaintiff's Complaint alleged that he was discriminated "because of [his] race," became a target of harassment, and was eventually terminated after he complained of such treatment.  (*Id.*)  DynaTen moved to transfer this action to the Forth Worth Division of the Northern District of Texas pursuant to Title VII's venue provision.  Dyna Ten also moved to dismiss this matter for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] DynaTen's motion did not seek transfer or dismissal as alternative forms of relief, but instead sought transfer *and* dismissal.  However, as noted in the September 21, 2011 Order, the Court cannot transfer an action that has already been dismissed, or dismiss an action that has already been transferred.  The Court therefore treated the motion as one seeking alternative forms of relief.  (9/21/2011 Order 1.)

In ruling on DynaTen's motion, the Court found that "Texas appears to be the only proper venue because the alleged harassment and discriminatory actions took place in Texas, DynaTen is located in Texas, and DynaTen's business records are located in Texas." (*Id.* 2.) The Court therefore exercised its discretion to dismiss the matter without prejudice to refiling in the correct venue. (*See id.* 2-3 (citing authority noting that "when venue is improper, the decision whether to dismiss or transfer a Title VII claim is discretionary").)

## II.     Motion to Reconsider

Plaintiff now moves the Court to reconsider the September 21, 2011 Order and transfer this matter to Texas rather than dismiss it without prejudice to refiling, arguing that the statute of limitations has purportedly run on his claims. Because it is unclear whether Plaintiff's motion is based on Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") or Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), the Court will address both rules herein.

### A.     Rule 59(e)

A Rule 59(e) motion to alter or amend judgment is warranted where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted). A motion to alter or amend judgment is not appropriate, however, "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see June v. Union Carbide Corp.*, 577 F.3d 1234, 1247 (10th Cir. 2009); *Degraw v. Exide Tech.*, 744 F. Supp. 2d 1199, 1216 (D. Kan. 2010). Further, a motion pursuant to Rule 59(e) "must be filed no later than 28 days after entry of the judgment." In this case, the Court entered a Judgment of Dismissal on September 21, 2011, and Plaintiff's

Motion to Reconsider was filed on October 21, 2011 – thirty days after the entry of judgment. Therefore, to the extent that Plaintiff's Motion to Reconsider is based on Rule 59(e), the Court denies such motion because it was untimely filed.

### B.     Rule 60(b)

Rule 60(b) provides as follows:

[A] court may relieve a party . . . from final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Relief under Rule 60(b) is considered "extraordinary" and should "only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). The Court construes Plaintiff's argument – namely, that the Court should reconsider its decision to dismiss his case because the statute of limitations has purportedly run on his claim – as seeking relief pursuant to Rule 60(b)(6)'s "catch all" provision, which is "difficult to attain and [a]ppropriate only when it offends justice to deny such relief." *Morales v Jones,* No. 11-5155, 2012 WL 1563886, at *3 (10th Cir. May 4, 2012).

The Court does not find that Plaintiff has established "exceptional circumstances" justifying relief under Rule 60(b)(6) because Plaintiff has not demonstrated that he is without fault in any delay of his claim. *See Pioneer Inv. Servs. v. Brunswick Assoc.*, 507 U.S. 380, 393 (1993) (noting that in order to justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances

suggesting that [he] is faultless in the delay") (internal citations omitted). Rather, any statute of limitations problem with Plaintiff's claim is the result of Plaintiff's choice to file his claim in Tulsa, Oklahoma rather than in the state in which the alleged unlawful practice occurred, where the employment records were kept, where employment would have been, or where the employer had its main office, as was outlined on his Notice of Right to Sue from the EEOC. (*See* Doc. 1 at 4 (outlining where Plaintiff could bring suit).) Because "[c]ourts have denied Rule 60(b)(6) relief when the moving party made a tactical choice that later proved unwise," the Court declines to grant Plaintiff's motion to reconsider pursuant to Rule 60. *Aikens v. Ingram*, No. 5:06-CV-185-D, 2008 WL 4831420, at *4 (E.D.N.C. Nov. 6, 2008) (citing *Ackermann v. United States*, 340 U.S. 193, 200 (1950) (denying relief based on "voluntary, deliberate, free, untrammeled choice"); *Schwartz v. United States*, 976 F.2d 213, 218 (4th Cir. 1992) ("[S]trategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they appeal wrong"); *Good Luck Nursing Homes, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) ("[Rule 60(b)(6)] may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.")).

**III.   Conclusion**

For the reasons outlined herein, Plaintiff's Motion to Reconsider (Doc. 47) is denied.

**SO ORDERED this 31st day of May, 2012**.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**